**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOHN ANTONI AGUILAR GUZMAN,

Petitioner,

v. No. 1:26-cv-02444-KG-JFR

GEORGE DEDOS; *et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner John Antoni Aguilar Guzman's pro se Motion for Reconsideration and Immediate Release ("Motion to Reconsider").[1] Doc. 12. For the reasons below, the Court denies the Motion to Reconsider.

***I. Background***

Respondents did not contest the facts presented in the Petition and did not file a Response to the Motion to Reconsider. *See* Doc. 8 at 1 ("Respondents are not submitting a factual Declaration or legal brief in opposition to the Petition."). The Court therefore accepts the facts pled in the Petition and Motion to Reconsider as true. *See* Docs. 1; 12.

Petitioner, a native and citizen of Mexico, entered the United States as a child and lived in the country for approximately sixteen (16) years before he was detained by U.S. Immigration and Customs Enforcement ("ICE") on June 9, 2026. Doc. 1 at 4, 6. Petitioner was ordered removed by an Immigration Judge ("IJ), but filed a timely appeal with the Board of Immigration Appeals ("BIA"). Doc. 9 at 3. That appeal remains pending. *Id.* Petitioner is currently detained at the Cibola County Correctional Center in Milan, New Mexico. Doc. 1 at 1.

---

[1] The Court is also in receipt of and has reviewed Petitioner's Notice of Supplemental Evidence. *See* Doc. 13.

On July 27, 2026, Petitioner filed the instant Petition seeking immediate release or, in the alternative, an individualized bond hearing. *See* Doc. 1 at 7. The Court found Petitioner was detained pursuant to 8 U.S.C. § 1226(a), granted the Petition, and ordered Respondents to provide Petitioner "with a bond hearing" before an immigration judge "where Petitioner bears the burden of proving by a preponderance of the evidence that conditions of release would adequately address any risk of flight or danger to the community." Doc. 10. On September 18, 2026, Petitioner received his Court-ordered bond hearing. Doc. 11 at 3–4. At the end of the hearing, the Immigration judge ("IJ") found Petitioner was a "danger to the community." *Id.* at 3. Petitioner seeks reconsideration of the IJ's custody determination. *See* Doc. 12 at 1–3.

## *II. Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 677–78, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to noncitizens who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted[.]" This "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025). By contrast, § 1226(a) authorizes the arrest and detention of noncitizens "[o]n a warrant issued by the Attorney General . . . pending a decision on whether [they are] to be removed[.]" Noncitizens

detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Supreme Court has repeatedly explained, § 1226(e) operates as a jurisdictional bar precluding noncitizens from "challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [their] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks omitted) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003); *see also Nielson v. Preap*, 586, U.S. 392, 961 (2019) ("[T]his limitation [under § 1226(e)] applies to . . . discretionary decisions" and prohibits review of whether "the Government exercised its statutory authority in an unreasonable fashion."). Absent a constitutional claim or some other question of law, the Court does not have federal habeas jurisdiction to review a specific custody determination. *Olmos v. Holder*, 780 F.3d 1313, 1316 (10th Cir. 2015).

## *III. Analysis*

The Court concludes it lacks jurisdiction to review the IJ's discretionary custody determination under § 1226(e) and declines to grant relief because Petitioner received the individualized bond hearing to which he was entitled. *See* Doc. 11 at 3–4. At that hearing, the IJ found that Petitioner failed to carry his burden of demonstrating that he is not a danger to the community. *Id*. Because nothing in the record demonstrates the hearing was otherwise

unconstitutional, the IJ's findings are not subject to review by this Court. The hearing therefore satisfies the Court's prior Order. *See* Doc. 10.

## *IV. Conclusion*

For the reasons above, Petitioner's Motion to Reconsider, Doc. 12, is DENIED.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.